John P. McNicholas, Esq. (SBN 33530)
John@McNicholaslaw.com
McNICHOLAS & McNICHOLAS, LLC
10866 Wilshire Boulevard, Suite 1400
Los Angeles, California 90024-4338
(310) 474-1582 Telephone

Attorneys for Plaintiff NANCY MENDOZA

Michael R. Mitchell, Esq. (SBN 48348)
Mitchel4@ix.netcom.com
19655 Friar Street
Tarzana, California 91335-6541
(818) 968-6119 Telephone

Attorney for Plaintiff Daniel Provencio, Jr.
Personally and as successor in interest to
Daniel Provencio, deceased, by his guardian
ad litem, Maria Lucero.

Joshua M. Merliss, Esq. (SBN 073416)
Merliss@aol.com
GORDON, EDELSTEIN, KREPACK,
GRANT, FELTON & GOLDSTEIN
3580 Wilshire Boulevard, No. 1800
Los Angeles, California 90010
(213) 739-7000

Attorneys for Plaintiff JOHNNY PROVENCIO

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL PROVENCIO, JR., personally and as successor in interest to DANIEL PROVENCIO, deceased, by his guardian ad litem, Maria Lucero, NANCY MENDOZA, and JOHNNY G. PROVENCIO,<br><br>Plaintiffs, | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**(JURY TRIAL DEMANDED)** |

|     | vs.                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                         |
| --- | --- |
|     | PATRICIA L. VAZQUEZ, MATTHEW D. PALMER, CURTISS O. LAWLESS, MATTHEW R. ADAMS, DAVID E. HICKS, LORLEAN DRUGICH, BRANDON H. SHORT, BERNARD FERRER RAMOS, D. RAMOS, REMIJIO Q. PAREDES, EDWARD J. MONTANIO, LEVI A. LOGAN, ANTHONY R. AYALA, GEORGE GUTIERREZ, LEE A. MILLER, ARTEMIO Y. LARA, RICARDO SAMARRIPAS, LANSFORD BLANSETT, JOSE F. GARIA, EDMOND COOPER, KEVIN CROUCH, TONY GIBSON, BRUCE GLADDEN, PEARL GOETCHIUS-RILEY, JOSE GAMEZ, JULIE GIBBONS, DAVID GUERZON, JAVIER HERRERA, THOMAS HINTER, CLIFFORD JOHNSON, LYDIA MARTINEZ, MARK MIRANDA, KELLY PHILLIPS, PAUL TURPIN, EDWARD WELCH, JEFFREY WILLIAMS, TORRANCE YODER, MICHAEL SONGER, and DOES 1 THROUGH 100 INCLUSIVE, |
|     | Defendants. |

Come now Plaintiffs, DANIEL PROVENCIO, JR., personally and as successor in interest to Daniel Provencio, deceased, by his guardian ad litem, Maria Lucero, NANCY MENDOZA, and JOHNNIE G. PROVENCIO, and allege as

follows upon information and belief.

PRELIMINARY ALLEGATIONS

1. This action arises under Title 42 U.S. Code Sections 1983 and 1988 and the United States Constitution. The jurisdiction of this court is invoked under 28 U.S. Code Sections 1331 and 1343.

2. Venue is proper in the Eastern District of California because all of the acts and omissions complained of occurred within said District, to wit, within the State of California, City of Wasco, and County of Kern.

3. All persons sued as defendants herein are sued in their individual, unofficial capacities.

4. Defendant Patricia L. Vazquez at all times mentioned was the warden of Wasco State Prison-Reception Center ("WSP"), a California state prison located at 701 Scofield Avenue, Wasco, CA 93280 in Kern County, California.

5. The true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants designated herein as DOES 1 through 100, inclusive, are presently unknown to plaintiffs who therefore sues said defendants by such fictitious names. Plaintiffs are informed and believe and on such ground alleges that each of the defendants designated herein as "DOE" is legally responsible in some manner for the events and happenings hereinafter described, and proximately caused or contributed to the injuries and damages hereinafter alleged. Plaintiffs will seek leave to amend this complaint to show their true names and capacities when the same have been ascertained.

6. Defendant Matthew D. Palmer ("Palmer") was the WSP prison guard who, at about 4:00 pm on January 16, 2005, in Facility D, Building 4 of WSP, pointed a rifle at, fired and struck Daniel Provencio ("decedent" or "Provencio" hereafter) in the head with a 40mm plastic bullet.

7. Defendant Lanford Blansett ("Blansett") is the WSP prison guard who on January 16, 2005, was supervising inmates who were eating at dining tables, and who was one of the guards who had the duty regularly to inspect and/or search rooms or cells where Provencio was housed for contraband, including but not limited to alcohol.

8. Defendants Artemio Y. Lara ("Lara"), Ricardo Samarripas ("Samarripas"), and Jose F. Garia ("Garia") were other WSP prison guards who had the duty regularly to inspect and/or search rooms or cells where Provencio was housed for contraband, including but not limited to alcohol.

9. Defendant Curtiss O. Lawless ("Lawless") is a WSP correctional lieutenant who, on January 16, 2005, responded to the scene after Provencio was shot.

10. Defendant Matthew R. Adams ("Adams") is a WSP prison guard who, on January 16, 2005, sprayed Provencio with Oleoresin Capsicum Pepper Spray ("Pepper Spray") after Provencio had been shot, and who transported Provencio the WSP emergency room thereafter.   Upon information and belief, Adams is no longer a prison guard and resides at 218 Renegade Avenue, Bakersfield, CA 93306.

11. Defendant Doe 1 is the person who placed a hood over Provencio's head after Provencio had been shot and pepper-sprayed.

12. Defendant Brandon H. Short ("Short") was a person who, on January 16, 2005,

transported Provencio to the WSP "emergency room" after Provencio was shot and pepper-sprayed.

13. Defendant Remijio Q. Paredes ("Paredes") was a person who, on January 16, 2005, touched and observed Provencio after Provencio was shot and pepper-sprayed.

14. Defendants Edward J. Montanio ("Montanio"), Levi A. Logan ("Logan"), Anthony R. Ayala ("Ayala"), George Gutierrez ("Gutierrez"), and Lee A. Miller ("Miller") were persons who, on January 16, 2005, observed Provencio after Provencio was shot and pepper-sprayed.

15. Defendant Lorlean Drugich ("Drugich") is a medical technician assistant ("MTA") who, on January 16, 2005, transported Provencio to the WSP "emergency room" after Provencio was shot and pepper-sprayed. Upon information and belief, Drugich is no longer an MTA at WSP and resides at 8 Pacific Street, Bakersfield, CA 93305.

16. Defendant David E. Hicks ("Hicks") is a registered nurse ("RN") who was, on January 16, 2005, at the WSP "emergency room" to which Provencio was taken after being shot and pepper-sprayed.

17. Defendant D. Ramos or Bernard Ferrer Ramos was a medical doctor ("MD") who saw Provencio at the WSP "emergency room" at or about 5:41 pm on January 16, 2005.

18. Defendants Edmond Cooper ("Cooper"), Kevin Crouch ("Crouch") Tony Gibson ("Gibson"), Bruce Gladden ("Gladden"), Pearl Goetchius-Riley ("Goetchius-Riley"), Jose Gamez (Gamez), Julie Gibbons ("Gibbons"), David Guerzon ("Guerzon")

Javier Herrera ("Herrera"), Thomas Hinter ("Hinter"), Clifford Johnson ("Johnson"), Lydia Martinez ("Martinez"), Mark Miranda ("Miranda"), Kelly Phillips ("Phillips"), Paul Turpin ("Turpin"), Edward Welch ("Welch"), Jeffrey Williams ("Williams") and/or Torrance Yoder ("Yoder") were persons who had the duty prior to January 16, 2005 (a) to train defendant Palmer in the use of the Defense Technologies 40mm rifle, (b) to certify that defendant Palmer was competent to use the Defense Technologies 40mm rifle, (c) to assure that defendant Palmer knew how accurately to aim a Defense Technologies 40mm rifle, (d) to assure that defendant Palmer knew how properly to pull the trigger of a Defense Technologies 40mm rifle, and (e) to assure that defendant Palmer knew how to fire the Defense Technologies 40mm rifle.

19. Defendants Doe 2 through 10 were the WSP/CDC employees/independent contractors in charge of training WSP employees about use of Oleoresin Capsicum Pepper Spray ("pepper spray").

20. Defendants Doe 11 through 20 were the WSP/CDC employees/independent contractors in charge of assuring that WSP was properly and adequately staffed with medical personnel to examine, diagnose, and treat medical injuries to inmates.

21. Defendants Doe 21 through 20 were WSP/CDC employees/independent contractors in charge of training WSP medical personnel to summon physicians by helicopter and transport severely injured inmates, such as Provencio, by helicopter to hospital facilities.

22. Defendant Michael Songer ("Songer") was a medical doctor who was charged, in

the five-year period prior to January 17, 2005 with the responsibility to obtain a license, but failed to obtain a license, from the Department of Health Care Services for the correctional treatment center at WSP.

23. Plaintiff Johnny Gallegos Provencio is the natural father of decedent and is a citizen of the State of California..

24. Plaintiff Nancy Mendoza is the natural mother of decedent and is a citizen of the State of Arizona.

25. Plaintiff Daniel Provencio, Jr. (Date of Birth: 07/28/1999) is the sole surviving child, a son, of decedent, he is the successor in interest to decedent, and he is represented in the lawsuit by his duly appointed and acting guardian ad litem, Maria Lucero. Daniel Provencio, the decedent, and Maria Lucero were married on September 12, 1998 and were divorced in March 2004.

26. At all times herein mentioned, defendants and each of them were acting "under color of law."

**FIRST CAUSE OF ACTION BY MARIA LUCERO, GUARDIAN AD LITEM FOR DANIEL PROVENCIO, JR. AS SUCCESSOR IN INTEREST TO DANIEL PROVENCIO, DECEASED**

**AGAINST**

**DEFENDANTS PATRICIA L. VAZQUEZ, MATTHEW D. PALMER, CURTISS O. LAWLESS, MATTHEW R. ADAMS, DAVID HICKS, BRANDON H. SHORT, REMIJIO Q. PAREDES, LORLEAN DRUGICH, BERNARD FERRER RAMOS, D. RAMOS, AND DOES 1 THROUGH 100**

# INCLUSIVE FOR VIOLATION OF 42 U.S.C. SECTION 1983

27. Plaintiffs restate and reiterate all of the foregoing paragraphs of this complaint as if set forth in full at this point.

28. At or about 4:00 pm on January 16, 2005, in Facility D, Building 4 of WSP, defendant Matthew Palmer ("Palmer") aimed a Defense Technologies 40mm rifle directly at Daniel Provencio, pulled the trigger, firing the rifle's 40mm plastic bullet, which struck Provencio in the head inflicting severe pain and bodily injury, and ultimately resulting in his brain death on January 20, 2005 and his cardiac arrest on March 4, 2005.

29. Moments later, defendant Matthew Adams ("Adams") sprayed Provencio with Oleoresin Capsicum Pepper Spray ("pepper spray"), causing Provencio severe pain, suffering, and anguish.

30. Defendants Palmer, Lawless, Adams, Hicks, Short, Parades, Drugich, and Ramos and Doe 1 knew or should have known that pepper spray caused severe pain and anguish and elevated blood pressure which should have been but was not alleviated by immediately flushing Provencio's face with water. In fact, none of the defendants ever flushed the pepper spray from Provencio's face. Instead Doe 1 placed a bag over Provencio's head, exacerbating the burning effect of the pepper spray. The unflushed pepper spray remained on Provencio's face an agonizing hour that he spent, handcuffed and shackled, in the "emergency room" at WSP and for another 45 minutes while he was being transported by ambulance to Bakersfield, California, 35 miles away.

31. The use of such excessive force was intentional, grossly negligent, reckless, unjustified, unprovoked, and shocks the conscience.

32. The Kern County Sheriff-Coroner determined "that the death of Daniel David Provencio was a homicide, death at the hands of another by other than accident." Coroner's Case No. C-0492-05

33. By virtue of the foregoing, Provencio was deprived of his federal constitutional rights as follows:

    a. his right under the Fourth Amendment to be secure in his person against unreasonable seizure and excessive force;

    b. his substantive right under the Fourteenth Amendment not to be deprived of his liberty or life without due process of law; and,

    c. his right under the Eighth Amendment to be free of cruel and unusual punishment.

34. Defendant Palmer knew that aiming the Defense Technologies 40mm rifle directly at Provencio and pulling the trigger subjected Provencio to a substantial risk of serious bodily injury or death.

35. Defendants Palmer, Lawless, Adams, Hicks, Short, Parades, Drugich, and Ramos and Doe 1 knew that failing to flush the pepper spray from Provencio's face and covering his head with a hood subjected Provencio to agonizing burning pain, elevated blood pressure, and to a substantial risk of serious bodily injury or death.

36. As a direct and proximate result of the foregoing, Provencio was hurt and

injured in his health, strength, and activity, sustaining and shock and injury to his nervous system and person, causing Provencio great physical, mental, and emotional pain and suffering, until his cardiac arrest on March 4, 2005, all to his general damage in a sum which will be proven at trial.

37. As a direct and legal result of the foregoing, Provencio has been and will continue to be prevented from attending to his usual occupation, or any occupation, to his further damage in a sum that plaintiff is presently unable to ascertain. Plaintiff will seek leave to amend this complaint to set forth the exact amount thereof when the same has been ascertained.

38. As a direct and legal result of the foregoing, Provencio suffered loss of enjoyment of the rest of his life to his further damage in an amount according to proof at trial.

39. The actions of these defendants were oppressive, were motivated by evil motive or intent, and involved reckless and callous indifference to the federally protected rights of others entitling plaintiff to punitive damages.

**SECOND CAUSE OF ACTION BY PLAINTIFF MARIA LUCERO GUARDIAN AD LITEM FOR DANIEL PROVENCIO, JR. AS SUCCESSOR IN INTEREST TO DANIEL PROVENCIO, DECEASED,**

**AGAINST**

**P.L. VAZQUEZ, COOPER, CROUCH, GIBSON, GLADDEN, GOETCHIUS-RILEY, GAMEZ, GIBBONS, GUERZON, HERRERA, HINTER, JOHNSON, MARTINEZ, MIRANDA, PHILLIPS, TURPIN,**

# WELCH, WILLIAMS, YODER AND DOES 2 THROUGH 10 INCLUSIVE FOR VIOLATION OF 42 U.S.C. SECTION 1983

40. Plaintiff restates and reiterates the foregoing paragraphs of the complaint as if set forth in full at this point.

41. Shooting inmates with the Defense Technologies 40mm rifle is conducting an activity from which harm to inmates is reasonably foreseeable.

42. Defendants Vazquez, Cooper, Crouch, Gibson, Gladden, Riley, Gamez, Gibbons, Guerzon, Herrera, Hinter, Johnson, Martinez, Miranda, Phillips, Turpin, Welch, Williams, and Yoder were responsible for training Palmer in the use of the Defense Technologies 40mm rifle.

43. Defendants failed to train Palmer, inter alia, about (a) the trajectory or flight-path of the projectile he fired, (b) about the excessively long trigger pull of the launcher, (c) about the reduced geometric target zone when fired at a downward angle, and (d) about the potential lethality involved in firing the weapon at inmates. In addition, due to the high cost of the projectile ($20 to $25 per round) defendants rarely if ever gave Palmer the opportunity to practice firing the 40mm launcher using live rounds. Defendants improperly trained Palmer that firing the weapon at inmates was "less than lethal." In addition, defendants never tested or certified that Palmer was qualified to use the 40mm launcher.

44. Spraying inmates in the face with Oleoresin Capsicum Pepper Spray ("pepper spray") is conducting an activity from which harm to inmates is reasonably foreseeable.

45. On and before January 16, 2005, Defendants Vazquez, and Does 2 through 10, in breach of their duty to PROVENCIO, failed, neglected, and refused to properly train WSP employees (a) that the use of pepper spray upon an inmate with a severe head injury was prohibited because the ensuing increase in blood pressure was life-threatening, (b) that the use of pepper spray caused a severe burning sensation, injury to the mucous membranes, coughing, spitting, and difficulty breathing which, unless alleviated by flushing with water, would continue for up to an hour and forty-five minutes.

46. It was a highly predictable consequence of the foregoing failure to train that the federally protected constitutional rights of inmates would be violated.

47. Failing to train WSP personnel use medivac helicopters to transport physicians to WSP to examine severely injured inmated and to use medivac helicopters to transport severely injured inmates to the nearest general hospital – 35 miles away in Bakersfield – is an inactivity from which harm to such inmates is reasonably foreseeable.

48. On and before January 16, 2005, defendants Vazquez and Does 12 through 30, in breach of their duty to Provencio, failed, neglgected, and refused to train (a) WSP personnel to use medivac helicopters to transport physicians to WSP and (b) WSP personnel and defendant Ramos to use medivac helicopters to transport severely injured inmates such as Provencio to the nearest general hospital – 35 miles away in Bakersfield.

49. It was a highly predictable consequence of the foregoing failures to staff, equip,

and train that the federally protected constitutional rights of inmates would be violated.

50. As a direct result of the foregoing failures to staff, equip, and train, test, and certify, Provencio was deprived of the federally protected constitutional rights as recited above.

51. As a direct and legal result of the foregoing, Provencio suffered the injuries and death set forth above, entitling plaintiff to the damages recited above.

52. Defendants failure to train and improper training was oppressive, involved reckless and callous indifference to the federally protected rights of others entitling plaintiff to punitive damages.

**THIRD CAUSE OF ACTION BY PLAINTIFF MARIA LUCERO AS GUARDIAN AD LITEM FOR DANIEL PROVENCIO, JR., AS SUCCESSOR IN INTEREST TO DANIEL PROVENCIO, DECEASED, AGAINST**

**PATRICIA L. VAZQUEZ, BLANSETT, CURTISS, ADAMS, HICKS, RAMOS, AND DOES 31 THROUGH 40 INCLUSIVE FOR VIOLATION OF 42 U.S.C. SECTION 1983**

53. Plaintiff restates and reiterates the foregoing paragraphs of the complaint as if set forth in full at this point.

54. As of January 16, 2005, WSP was designed and equipped to house 3,104 inmates; instead, on that date, it housed 6,034 inmates.

55. Defendants VAZQUEZ, RAMOS, and DOES 31 through 40 well-knew that

inmates regularly suffered medical injuries and conditions which required the immediate attention of a licensed medical doctor with adequate knowledge, equipment, and support personnel properly to attend to those injuries and at the very least to stabilize patients prior to transport to the nearest general hospital 35 miles away in Bakersfield, California .

56. By virtue of such knowledge, said defendants had the obligation to inmates such as Provencio to staff the medical facilities at WSP with a full-time licensed medical doctor, to provide adequate equipment and support personnel properly to attend to anticipated injuries, and to stabilize patients prior to transport to the nearest general hospital 35 miles away in Bakersfield, California.

57. Upon information and belief, defendants failed to staff the medical facilities at WSP with any full-time licensed medical doctor, and failed to provide adequate equipment or support personnel properly to attend to anticipated injuries or to stabilize patients prior to transport.

58. Instead, upon information and belief, defendants contracted with defendant RAMOS to be on-call for medical emergencies at WSP despite defendants' knowledge that defendant RAMOS resided at 1008 Alderton Way, Bakersfield, California 93311, 34.52 miles away from WSP (located at 701 Scofield Avenue, Wasco, CA 93280) and maintained his medical offices in Bakersfield - at least a 45 minute automobile trip to Wasco, CA. These defendants knew that such a travel distance with such a travel time constituted deliberate indifference to the serious medical needs of WSP inmates.

59. After Provencio was struck in the head by the 40mm bullet and pepper sprayed in the face, defendants well-knew he was very seriously injured and was at substantial risk of serious harm or death. Despite such knowledge, defendants failed, neglected and refused to render proper medical care to Provencio. They ultimately paged defendant RAMOS who arrived at the WSP "emergency room" approximately one hour later.

60. Defendants owed Provencio the duty to obtain the quickest possible proper medical care for him by having a licensed physician or medivac team transported to the WSP "emergency room" in the most expeditious manner, to wit by helicopter.

61. In breach of their duty to Provencio, defendants failed, neglected, and refused to summon any helicopter medivac team. Instead, defendants telephonically paged defendant Ramos who arrived by automobile at the WSP "emergency room" approximately one hour later.

62. Upon RAMOS' arrival, he examined Provencio and immediately recognized that Provencio was very seriously injured and was at substantial risk of death unless his subdural hematoma was treated forthwith. However, upon information and belief, RAMOS (a) lacked the training and skill to treat or stabilize Provencio, and/or (b) lacked the equipment and/or support staff to treat or stabilize Provencio. RAMOS failed, neglected, and refused to treat or stabilize Provencio.

63. Instead, defendants phoned for a standard ambulance – not a medivac helicopter - to transport Provencio to a general hospital in Bakersfield, California approximately 35 miles away. Provencio was so transported and went into cardio-pulmonary arrest

en route.

64. The foregoing constituted deliberate indifference to Provencio's serious medical needs, in violation of his rights under the Eighth Amendment to the Constitution.

65. As a direct and legal result of the foregoing, Provencio suffered the injuries and death set forth above, entitling plaintiff to the damages recited above.

66. Defendants' deliberate indifference was oppressive and involved reckless and callous indifference to the federally protected rights of others entitling plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION BY PLAINTIFF NANCY ANAYA AS SPECIAL ADMINISTRATRIX OF THE ESTATE OF DANIEL PROVENCIO, DECEASED,

## AGAINST

## P.L. VAZQUEZ AND DOES 1 THROUGH 100 INCLUSIVE FOR VIOLATION OF 42 U.S.C. SECTION 1395dd(e)(3)(A)

67. Plaintiff restates and reiterates the foregoing paragraphs of the complaint as if set forth in full at this point.

68. Defendants placed Provencio into a vehicle for transfer to a hospital more than 35 miles distant, but failed, neglected, and refused to provide such medical treatment of Provencio's condition necessary to assure, within reasonable probability, that no material deterioration of the condition was likely to result from or occur during the transfer, in violation of 42 U.S.C. § 1395dd(e)(3)(A).

69. As a direct and legal result of the foregoing, Provencio suffered the injuries and

death set forth above, entitling plaintiff to the damages recited above.

**FIFTH CAUSE OF ACTION BY PLAINTIFF DANIEL PROVENCIO, JR., A MINOR AS SUCCESSOR IN INTEREST TO DANIEL PROVENCIO, DECEASED, BY HIS GUARDIAN AD LITEM, MARIE LUCERO AGAINST DEFENDANTS MICHAEL SONGER AND DOES 41 THROUGH 50 FOR VIOLATION OF 42 U.S.C. SECTION 1983**

70. Plaintiff restates and reiterates the foregoing paragraphs of this complaint as if set forth in full at this point.

71. The correction treatment center at WSP was a facility that was required to obtain a license from the California Department of Health Care Services.

72. Defendant Michael Songer ("Songer") was a medical doctor who, along with Does 41 through 50, was charged, in the five-year period prior to January 17, 2005 with the responsibility to obtain a license, but failed to obtain a license, from the Department of Health Care Services for the correctional treatment center at WSP.

73. The foregoing constituted deliberate indifference to the serious medical needs of WSP inmates, including Provencio, in violation of his rights under the Eighth Amendment to the Constitution.

74. As a direct and legal result of the foregoing, Provencio suffered the injuries and death set forth above, entitling plaintiff to the damages recited above.

**SIXTH CAUSE OF ACTION BY PLAINTIFF DANIEL PROVENCIO, JR., A MINOR BY HIS GUARDIAN AD LITEM, MARIE LUCERO AGAINST**

# P.L. VAZQUEZ AND DOES 1 THROUGH 100 INCLUSIVE FOR VIOLATION OF 42 U.S.C. SECTION 1983

75. Plaintiff restates and reiterates the foregoing paragraphs of the complaint as if set forth in full at this point.

76. By virtue of the foregoing, defendants violated plaintiff Daniel Provencio, Jr.'s Fourteenth Amendment due process rights to the companionship, love, comfort, support, and society of the decedent, all to his damage according to proof at trial.

# SEVENTH CAUSE OF ACTION BY PLAINTIFF NANCY MENDOZA AND PLAINTIFF JOHNNY GALLEGOS PROVENCIO AGAINST P.L. VAZQUEZ AND DOES 1 THROUGH 100 INCLUSIVE FOR VIOLATION OF 42 U.S.C. SECTION 1983

77. Plaintiff restates and reiterates the foregoing paragraphs of the complaint as if set forth in full at this point.

78. By virtue of the foregoing, defendants violated plaintiffs Nancy Mendoza and Johnny Gallegos Provencio's Fourteenth Amendment due process rights to the companionship, love, comfort, support, and society of the decedent, all to their damage according to proof at trial.

WHEREFORE plaintiffs pray for judgment against defendants, and each of them, as follows:

I. General damages according to proof at trial

II. Special damages according to proof at trial.

III. Punitive damages according to proof at trial

IV. Hedonic damages according to proof at trial.

V. Costs of Suit

VI. For such other and further relief that the court deems just and proper.


                               McNICHOLAS & McNICHOLAS

Dated: January 12, 2007    BY: /s/
                                     JOHN P. McNICHOLAS, Attorney
                                     For Plaintiff Nancy Mendoza


Dated: January 12, 2007    By: /s/
                                   MICHAEL R. MITCHELL, Attorney
                                   for Plaintiff Daniel Provencio, Jr.
                                   Personally and as successor in interest to
                                   Daniel Provencio, deceased, by his guardian
                                   ad litem, Maria Lucero


                                 GORDON, EDELSTEIN, KREPACK,
                                 GRANT, FELTON & GOLDSTEIN

Dated: January 12, 2007
                            By: /s/
                                 JOSHUA M. MERLISS, Attorney
                                 for Plaintiff Johnny G. Provencio

DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all issues properly triable by jury.

McNICHOLAS & McNICHOLAS

Dated: January 12, 2007        BY: /s/
                                   JOHN P. McNICHOLAS, Attorney
                                   For Plaintiff Nancy Mendoza

Dated: January 12, 2007        By: /s/
                                   MICHAEL R. MITCHELL, Attorney
                                   for Plaintiff Daniel Provencio, Jr.
                                   Personally and as successor in interest to
                                   Daniel Provencio, deceased, by his guardian
                                   ad litem, Maria Lucero

GORDON, EDELSTEIN, KREPACK,
GRANT, FELTON & GOLDSTEIN

Dated: January 12, 2007
                               By: /s/
                                   JOSHUA M. MERLISS, Attorney
                                   for Plaintiff Johnny G. Provencio