IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PROVENCIO, JR., personally and as successor in interest to Daniel Provencio, deceased, by this guardian ad litem, Maria Lucero, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PATRICIA L. VAZQUEZ, et al.,<br><br>    Defendants. | No. 07-cv-0069-AWI-TAG<br><br>REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS FOR STAY AND FOR ABSTENTION (Docs. 15, 20) |

On January 12, 2007, Plaintiffs Daniel Provencio, Jr. ("Daniel"), Nancy Mendoza ("Mendoza"), and Johnny G. Provencio ("Johnny"), (collectively, the "Plaintiffs"), filed this counseled civil rights complaint, pursuant to 42 U.S.C. § 1983, against approximately 38 named Defendants, all of whom are or were employed by, or affiliated with, Wasco State Prison ("Wasco") in the capacities of warden, guards, correctional officers, or medical staff.  (Doc. 1).  Danny is the minor son of Daniel Provencio, deceased ("decedent").  Nancy and Johnny are decedent's biological parents.  (Id.).  Plaintiffs allege that the Defendants, while acting under color of state law, deprived the decedent of his constitutional rights, including those under the Fourth, Eighth, and Fourteenth Amendments.  (Id.).  Plaintiffs further allege that Defendant guards were not properly trained and that Wasco did not have the required medical license to treat inmates.  (Id.).  In their prayer for relief, Plaintiffs seek, inter alia, loss of decedent's future earnings; compensation for Daniel's loss of his father; general, special, punitive, and hedonic damages; and "costs of suit."  Id.

1

**Underlying Facts**[1]

The instant § 1983 action arises because of an altercation among prisoners at Wasco on January 16, 2005, allegedly the product of alcohol intoxication, which resulted in guard intervention. In an effort to quell the disturbance, Defendant Matthew D. Palmer, a prison guard, fired a 40 mm plastic bullet from a "non-lethal" rifle, which struck decedent in the head. Defendant Matthew Adams, who was a correctional officer, sprayed decedent's eyes with pepper spray. Decedent was taken to the medical facilities, but the staff did not flush the pepper spray from his eyes or otherwise treat him. Instead, unidentified guards placed a bag over his head and an ambulance transported him to a hospital in Bakersfield. At the hospital, decedent was brain dead and, as a result of the shock, pain, and injuries he had suffered, decedent had a fatal heart attack on March 4, 2007. The gist of the case is that the Defendants used excessive force on, and failed to provide proper medical care to, decedent, based on the foregoing facts. (Doc. 1).

**The Motions for Stay and for Abstention**

On April 18, 2007, Defendant Matthew Adams filed a motion for stay and for abstention, with supporting memorandum of points and authorities, declaration, and supporting documents. (Docs. 15, 16, and 17). On April 18, 2007, the remaining Defendants filed a motion to stay action, abstention, with supporting memorandum of points and authorities, request for judicial notice, and supporting documents. (Docs. 20, 21). The supporting documents included the complaint filed by Daniel and Mendoza, and a separate complaint filed by Johnny, in Kern County Superior Court ("state court") on March 23 and April 24, 2006, respectively, which complaints were consolidated by the state court.[2] (Doc. 21-2). The state court complaints also arise from the altercation at Wasco, the firing of the "non-lethal" rifle, the pepper spray, and the lack of proper medical care, all of which resulted in Daniel Provencio's death. The claims raised in the consolidated state complaints include

---

[1] These are the facts as presented in Plaintiffs' complaint. (Doc. 1). For purposes of this document, they are presumed to be true.

[2] On May 14, 2007, Defendant Adams and the remaining Defendants filed separate notices of joinder in each others' motions. (Docs. 29, 31).

2

wrongful death and negligence. (Doc. 21-2).

In their motion, Defendants argue that the § 1983 case should be stayed pending the outcome of the state action, because a merit-based disposition of the state action will result in complete preclusion (res judicata) of all claims that could have been raised in that action. (Doc. 20). Defendants contend that it would be less burdensome to stay the instant case because the consolidated state action was the first one filed and discovery already has commenced. Defendants note that, although, in their state court complaints, Plaintiffs assert only violations of state law, the complaints could be amended to include their § 1983 claims. (Id.). In addition, Defendants assert that staying the instant action would avoid piecemeal litigation. (Id.).

On May 7, 2007, Plaintiffs filed an opposition to the Defendants' motions for stay and for abstention. (Doc. 26). In their response, Plaintiffs raise several speculative issues, including the likelihood of federal court delays due to interlocutory appeals, and contend that they would not be eligible for hedonic damages in state court, but acknowledge that there is no precedent in the Ninth Circuit for the award of such damages in § 1983 actions. (Id.). Plaintiffs further contend that they filed a wrongful death action in state court against the manufacturer of the "non-lethal" rifle, based on products liability, which was removed and currently is pending in this Court. (Id., see Case No. 07-cv-0651). Plaintiffs argue that, because the removed case will not be stayed, it would be an efficient use of judicial resources to coordinate the two federal actions, rather than stay the instant case, since they both arise from the death of Daniel Provencio.[3] (Id.). Defendant Matthew Adams filed a reply to Plaintiffs' response that raises no issues relevant to this Court's recommendation. (Doc. 28). The remaining Defendants also filed a reply to Plaintiffs' response. (Doc. 30).

**Applicable Law**

In the seminal United States Supreme Court decision relevant to this action, the Supreme Court, in 1976, held that "[a]bstention from the exercise of federal jurisdiction is the exception, not the rule" because the federal courts have a "virtually unflagging obligation . . . to exercise the

---

[3] The § 1983 action alleges malfeasance by various individuals; the removed action essentially contends manufacturing problems with one of the products utilized by an individual in the civil rights case.

3

jurisdiction given them." Colorado River Water Conservation Dist. v. U. S., 424 U.S. 800, 813, 817, 96 S.Ct. 1236, 1244, 1246 (1976). Colorado River, however, further held that:

> (a) Abstention is appropriate in cases presenting a federal constitutional issue which might be mooted or presented in a different posture by a state court determination of pertinent state law . . . (b) Abstention is also appropriate where there have been presented difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar. [and] (c) Abstention is appropriate where, absent bad faith, harassment, or a patently invalid state statute, federal jurisdiction has been invoked for the purpose of restraining state criminal proceedings.

Id. at 814-16, 1244-45 (quotations and citations omitted).

In 1989, the Ninth Circuit summarized binding precedent and concluded that "a federal court may stay its proceedings in deference to pending state proceedings." Nakash v. Marciano, 882 F.2d 1411, 1415 (9th Cir. 1989). The Ninth Circuit elaborated that the bases for this doctrine rests on consideration of wise judicial administration, "giving regard to conservation of judicial resources and comprehensive disposition of litigation." Id. (quotations and citations omitted). The Nakash panel stated that the following factors should be considered when a federal court decides whether to stay proceedings pending a resolution in a state court action, citing based on Colorado River and Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1, 103 S.Ct. 927 (1983):

(1) whether either court has assumed jurisdiction over a *res*;

(2) the relative convenience of the forums;

(3) the desirability of avoiding piecemeal litigation;

(4) the order in which the forums obtained jurisdiction;

(5) whether state or federal law controls; and

(6) whether the state proceeding is adequate to protect the parties' rights.

Nakash, 882 F.2d at 1415. The Court added that the factors should "be applied in a pragmatic and flexible way, as part of a balancing process rather than as a mechanical checklist." Id. (quotations and citations omitted).

In addition, federal courts "must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."

1  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896 (1984).
2  California state law has long held that a "judgment on the merits between parties who in law are the
3  same operates as a bar to a subsequent action upon the same cause of action, settling not only every
4  issue that was raised, but also every issue that might have been raised in the first action." Olwell v.
5  Hopkins 28 Cal.2d 147, 152 (Cal. 1946).
6         Moreover, abstention is appropriate, and claim preclusion applies, even if the federal and
7  state cases are not identical.  All that is required is that the cases be "substantially similar." Nakash,
8  882 F.2d at 1416.  Even if the second complaint is based on a different cause of action, claim
9  preclusion applies because, under the state's application of the "primary rights" theory, "the invasion
10 of one primary right gives rise to a single cause of action." Slater v. Blackwood, 15 Cal.3d 791, 795
11 (Cal. 1975) (citations omitted).  In Slater, the "primary right" violated was the right to be free from
12 injury to plaintiff's person, thus, the state court held, regardless of the differing causes of action that
13 plaintiff could raise to recover for the harm that she had suffered, the resolution of one action against
14 the defendant served as res judicata as to all actions for damages based on the same harm from the
15 same injury. Id.
16 **Application**
17       In the instant case, the state and federal actions derive from the same injury to Daniel
18 Provencio based on the same underlying actions.  (See Docs. 1, 21-2).  Although they raise different
19 causes of action, the "primary right" is the same. Slater, 15 Cal.3d at 795.  Thus, a decision in the
20 state court proceedings would result in claim preclusion in the § 1983 federal court case, regardless
21 of whether Plaintiffs amended their state court complaints. Migra, 465 U.S. at 81, 104 S.Ct. at 896;
22 Olwell, 28 Cal.2d at 152.  Because California state courts have jurisdiction consider § 1983 actions,
23 the Kern County Superior Court could rule on the merits of Plaintiffs' amended complaint that
24 included the claims raised in the instant case.  See Ritschel v. City of Fountain Valley, 137 Cal.
25 App.4th 107 (Cal.App. 4 Dist. 2006) (appeal of the state trial court's decision in a § 1983 case).
26       Staying this action pending the outcome of the state court proceedings is warranted and
27 advised given that the state court complaints were filed first; it likely would avoid piecemeal
28

5

litigation, thereby efficiently utilizing judicial resources; and the state court is capable of protecting Plaintiffs' rights.  Nakash, 882 F.2d at 1415.

## RECOMMENDATION

In light of the foregoing IT IS RECOMMENDED that the Motion for Stay and for Abstention filed by Defendant Matthew Adams and joined in by the remaining Defendants (Docs. 15, 31), and the Motion to Stay filed by the remaining Defendants and joined in by Defendant Matthew Adams (Docs. 20, 29), be GRANTED pending the disposition of the consolidated complaints pending in the Superior Court of Kern County.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within fifteen (15) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 4, 2007**                                     /s/ Theresa A. Goldner
                                                              UNITED STATES MAGISTRATE JUDGE