IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PROVENCIO, JR., personally and as successor in interest to Daniel Provencio, deceased, by this guardian ad litem, Maria Lucero, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICIA L. VAZQUEZ, et al.,<br><br>Defendants. | No. 07-cv-0069-AWI-TAG<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFFS' MOTION TO VACATE STAY AND REQUEST FOR JUDICIAL NOTICE<br><br>(Docs. 48, 49) |

Plaintiffs Daniel Provencio, Jr. ("Daniel"), Nancy Mendoza ("Mendoza"), and Johnny G. Provencio ("Johnny"), (collectively, the "Plaintiffs"), motion to vacate the stay of this civil rights action came on for hearing before United States Magistrate Judge Theresa A. Goldner. Michael Mitchell appeared personally on behalf of Daniel and, in agreement with Mendoza's and Johnny's attorneys, on their behalf. Nile Kinney appeared personally on behalf of defendant Matthew R. Adams, and Benjamin Barnouw appeared personally on behalf of the remaining defendants. The Court has read and considered the pleadings, considered the arguments of counsel, and issues the following Findings and Recommendations.

**Background**

On January 12, 2007, Plaintiffs filed their § 1983 complaint against 38 named individual Defendants, all of whom are or were employed by, or affiliated with, Wasco State Prison ("Wasco") in the capacities of warden, guards, correctional officers, or medical staff. (Doc. 1). Daniel is the

1

minor son of Daniel Provencio, deceased ("decedent").  Mendoza and Johnny are decedent's biological parents.  (Id.).  Plaintiffs allege that the Defendants, while acting under color of state law, deprived the decedent of his constitutional rights, including those under the Fourth, Eighth, and Fourteenth Amendments.  (Id.).  Plaintiffs further allege that the Defendants for doing so failed to train the Defendant guards on the proper the use of a "non-lethal" rifle ("rifle"), and that Wasco did not have the required medical license to treat inmates.  (Id.).  In their prayer for relief, Plaintiffs seek, inter alia, loss of decedent's future earnings; compensation for Daniel's loss of his father; general, special, punitive, and hedonic damages; and "costs of suit."  (Id.).

**Underlying Facts**[1]

Plaintiffs' § 1983 action arises because of an altercation among prisoners at Wasco on January 16, 2005, allegedly the product of alcohol intoxication, which resulted in guard intervention.  In an effort to quell the disturbance, Defendant Matthew D. Palmer, a prison guard, fired a 40 mm plastic bullet from the rifle, which struck decedent in the head.  Defendant Matthew Adams, who was a correctional officer, sprayed decedent's eyes with pepper spray.  Decedent was taken to the medical facilities, but the staff did not flush the pepper spray from his eyes or otherwise treat him.  Instead, unidentified guards placed a bag over his head and an ambulance transported him to a hospital in Bakersfield.  At the hospital, decedent was brain dead and, as a result of the shock, pain, and injuries he had suffered, decedent suffered a fatal heart attack on March 4, 2007.  The gist of the case is that the Defendants used excessive force on, and failed to provide proper medical care to, decedent, based on the foregoing facts.  (Doc. 1).

**Defendants' Motions to Stay**

On April 18, 2007, Defendant Matthew Adams ("Adams") filed a motion for stay and for abstention, with a memorandum of points and authorities, declaration, and supporting documents.  (Docs. 15, 16, and 17).  On April 18, 2007, the remaining Defendants filed a motion to stay and for abstention, with supporting memorandum of points and authorities, request for judicial notice, and

---

[1] These are the facts as presented in Plaintiffs' complaint.  (Doc. 1).  For purposes of this document, they are presumed to be true.

2

supporting documents. (Docs. 20, 21). The supporting documents included the complaint filed by Daniel and Mendoza, and a separate complaint filed by Johnny, in Kern County Superior Court ("state court") on March 23 and April 24, 2006, respectively, which complaints were consolidated by the state court.[2] (Doc. 21-2). The state court complaints also arose from the altercation at Wasco, the firing of the "non-lethal" rifle, the pepper spray, and the lack of proper medical care, all of which resulted in Daniel Provencio's death. The claims raised in the consolidated state complaints included wrongful death and negligence. (Doc. 21-2). Plaintiffs filed a memorandum opposing a stay of the § 1983 action, contending, inter alia, that they could not collect hedonic damages in the state court. (Doc. 26).

On July 11, 2007, this Court granted the motions to stay and for abstention pending the outcome of the state court proceedings given that the state court complaints were filed first; they arose from the same facts and could be amended to include the civil rights claims, which the state court could protect; and staying the federal matter would avoid piecemeal litigation, thereby efficiently utilizing judicial resources. (Docs. 37, 40).

**Plaintiffs' Motion to Vacate Stay**

On December 21, 2007, Plaintiffs filed a motion to vacate the July 11, 2007, order granting the stay. (Doc. 48). In support of their motion, Plaintiffs contend that Mendoza and Johnny no longer were parties in the state action, and Daniel would dismiss the state case if this Court lifted the stay and granted him leave to file a first amended complaint adding state causes of action to this federal case.[3] (Doc. 48; see Doc. 49). Plaintiffs note that, in addition to the stayed § 1983 action, they have pending in this Court a products liability action against the manufacturer of the rifle fired

---

[2] On May 14, 2007, Defendant Adams and the remaining Defendants filed separate notices of joinder in each others' motions. (Docs. 29, 31).

[3] Plaintiffs' motion does not explain why or under what circumstances Johnny and Mendoza withdrew from the state court lawsuit, whether their dismissal was with or without prejudice, or provides evidence that they no longer were parties to the state case. (See Doc. 48; see Dkt. Report).

3

by defendant Palmer against decedent.[4] (Doc. 48, pp. 4-5). Plaintiffs claim that lifting the stay would result in a more efficient use of judicial resources in that (1) there would be no state court trial once Daniel dismissed that action; (2) this Court could consolidate Plaintiffs' § 1983 and products liability actions, thereby resolving both cases simultaneously; and (3) since Johnny and Mendoza would not be precluded from filing a § 1983 if the state case continued with Daniel as the only Plaintiff, Daniel's dismissal of the state court action when the stay was vacated would avoid both a state and federal trial. (Id. at 5-6).

On January 4, 2008, Defendants filed an opposition to Plaintiffs' motion, with which Adams joined. (Docs. 51, 55). Defendants include with their response a memorandum of points and authorities, a declaration, and copies of communications establishing their agreeability to enabling Plaintiffs to amend their state court complaints and to stipulate to a reasonable extension of time if required. (Doc. 51). Defendants and Adams raise several factual and legal reasons, some of which are identical to those upon which the stay initially was imposed, for denying Plaintiffs' motion to vacate the stay. (Doc. 51; see Docs. 37, 40). Defendants dispute Plaintiffs' contention that lifting the stay would enhance judicial efficiency because it would enable the Court to consolidate their § 1983 and products liability cases, noting that the two cases lack any overlapping allegations, defendants, or issues that would render consolidation appropriate. (Doc. 51, p. 4). In addition, they contend that Daniel's quid pro quo that he would dismiss the state action if the stay was lifted and he was granted leave to amend his § 1983 complaint evidences that Plaintiffs were forum shopping or otherwise abusing the judicial system, given that Plaintiffs had many opportunities to amend their state complaints to include their civil rights claims. (Doc. 51, pp. 5, 7; Doc. 51-3).

Defendants further assert that they would be prejudiced if Plaintiffs' motion was granted and the state case essentially was allowed to start anew in federal court. (Doc. 51, p. 7). They aver that, after litigating in state court for approximately two years, they are entitled to a resolution of the matter without significant delay, adding that any additional delay could create prejudice as to the

---

[4] Provencio v. Defense Technology Corp., 1:07-cv-0651-AWI-TAG (E.D. Cal. 2007).

availability and recollection of their witnesses.  (Id.).  Moreover, Defendants reiterate that most of the witnesses and parties live near Bakersfield and, thus, would be inconvenienced if they had to commute to Fresno to appear in the federal court as opposed to travel to the state court in Bakersfield, as stated in the June 4, 2007 Report and Recommendation to Grant Defendants' Motion to Stay.  (Id.; see Doc. 37).

On January 11, 2008, Daniel filed a reply and declaration as to the veracity of his arguments.  (Doc. 57).  Daniel asserts that, because the parties stipulated to use the discovery taken in the state court action, no discovery would be lost if Plaintiffs' Motion to Vacate the Stay was granted.  (Id. at 2).  Daniel further contends that the § 1983 and products liability actions had common issues in that the shooter's gross negligence and lack of training combined with the defectively manufactured rifle led to his father's death.  (Id.).  Daniel next claims that he is not forum-shopping, but is trying to avoid the necessity of having more than one trial.  (Id. at 3).  Finally, Daniel alleges that Defendants want to avoid arguing, as a matter of first impression, a § 1983 claim seeking hedonic damages.[5]  (Id.).

**Discussion**

Judicial Efficiency

Plaintiff's primary reason for vacating the stay is to seek a subsequent order consolidating this stayed § 1983 action with Plaintiff's pending products liability case.  (Doc. 48, p. 4-5).  Under Federal Rule of Civil Procedure 42(a), the court may consolidate actions if they "involve a common question of law or fact."  Fed.R.Civ.P. 42(a); Enterprise Bank v. Saettele, 21 F.3d 233, 235 (8th Cir. 1994).  "The threshold issue is whether the two proceedings involve a common party and common issues of fact or law."  Enterprise Bank, 21 F.3d at 235 (citing Seguro de Servicio de Salud v. McAuto Sys. Group, 878 F.2d 5, 8 (1st Cir. 1989)).

///

---

[5] On February 14, 2008, the Clerk of the Superior Court of Kern County dismissed, without prejudice, Case No. S-1500-CV-757709 LPE, Daniel Provencio, Jr. v. State of California, et al., at the request of Daniel's attorney.  (See Doc. 59).

5

The premise of Plaintiffs' judicial efficiency argument is that the § 1983 and products liability cases should be consolidated. The Court is not persuaded. The two district court cases lack the same set of issues, facts, or parties such that consolidation would be appropriate. (Compare Doc. 1 with Provencio v. Defense Technology Corp., 07-cv-0651, Doc. 23). In the instant case, Plaintiffs seek damages due to the alleged deprivation of decedent's constitutional rights by at least 38 individual Defendants affiliated with WASCO, claiming, among other wrongdoings, that the Defendant Guards were not trained by the other Defendants on the proper uses of the rifle. (Doc. 1). In contrast, Provencio v. Defense Technology Corp. alleges that the defendants, manufacturers of the rifle, created a defective product and negligently failed to warn the people to whom they shipped the rifles, including the WASCO guards, which ultimately resulted in the death of Daniel's father. (Doc. 23). Because Defense Technology and the § 1983 action identify different parties and are based on unrelated causes of action (products liability vs. violation of constitutional rights), consolidation is unlikely to result in judicial economy. Enterprise Bank, 21 F.3d at 235 (citing Seguro de Servicio de Salud v. McAuto Sys. Group, 878 F.2d 5, 8 (1st Cir. 1989)).

Plaintiffs further contend that lifting the stay would avoid the need to hold both a state and federal trial addressing similar matters, especially since Mendoza and Johnny were no longer were parties to the state actions and could file separate civil rights complaints. (Doc. 48, pp. 5-6). As an initial matter, Plaintiffs provide no explanation or state court documentation as to why they were dismissed or withdrew from the state action. (Docs. 48, 57). The plaintiff in each of the state actions generally can refile their state actions if they voluntarily dismissed them without prejudice. Martell v. Antelope Valley Hospital Medical Center 67 Cal.App.4th 978, 984 (Cal.App. 2 Dist. 1998) (citations omitted). Accordingly, were they to file a § 1983 complaint, the district court may again impose a stay and abstention until the state case was refiled and resolved.

Forum Shopping

In the Report and Recommendation to Stay, (Doc. 37), the Magistrate Judge stated that Nakash v. Marciano, 882 F.2d 1411 (9th Cir. 1989) found that the following three factors are among those that must be considered to ensure that parties were not forum shopping:

(1) the order in which the forums obtained jurisdiction;

(2) whether state or federal law controls; and

(3) whether the state proceeding is adequate to protect the parties' rights.

Nakash, 882 F.2d at 1415.

After finding that the state court has jurisdiction over § 1983 claims, the Magistrate Judge noted that the, if the Plaintiffs amended their state court complaints to include their civil rights claims, the state court judge could rule on them.  Ritschel v. City of Fountain Valley, 137 Cal. App.4th 107 (Cal. App. 4 Dist. 2006)); (Doc. 37).  Accordingly, because the district and state courts have concurrent jurisdiction to protect the parties' civil rights, which could be added to the state court complaint, it is appropriate to prosecute the state court action, given that it was filed first. Nakash, 882 F.2d at 1415.

Although Defendants' exhibits reveal that Plaintiffs had sufficient time to amend their complaints, Plaintiffs refused to do so.  (Doc. 51, 52).  The logical assumption is that Plaintiffs were forum shopping in an effort to obtain a tactical reason known only to them.  This Court does not encourage this practice and, therefore, as a deterrent to Plaintiffs' refusal to amend their state court complaints in an attempt to forum shop, their motion should be denied.  Nakash, 882 F.2d at 1417; (Doc. 37).

Prejudice to Defendants

Several factors can cause undue prejudice, in this case, to the Defendants.  For example, the relative convenience of the forums is one factor that should be considered when ascertaining the appropriateness of imposing or vacating a stay.  Nakash, 882 F.2d at 1415. In this matter, the original complaints were filed in the Kern County Superior Court in Bakersfield, California.  As noted in the prior Report and Recommendation, the underlying incident occurred at WASCO, which is not far from Bakersfield, and many of the defendants and witnesses either are WASCO inmates or employees that live nearby.  (Doc. 37).  In contrast, the district court is located in Fresno, California, which is approximately two hours from Bakersfield and any hearing or trial in the § 1983 action would necessitate a long commute, the possibility of loss of work and pay, etc.

7

<u>Request for Judicial Notice / Subsequent Events</u>

After this motion was taken under submission, Daniel filed a request for judicial notice. (Doc. 59). The request attaches a copy of Daniel's voluntary request for dismissal of the entire state action in <u>Daniel Provencio, Jr. v. State of California , et al.</u>, Kern County Superior Court Case No. S-1500-cv-257709 LPE. Daniel's request for dismissal of the state action is dated February 11, 2008. The Court takes judicial notice of the request for dismissal, and of the court docket in that case. The state court docket reflects that the entire case was dismissed without prejudice on February 14, 2008. It also reflects that the case was set for a settlement conference on February 15, 2008, and was set for a 15-day jury trial on March 17, 2008 before the Honorable William Palmer, Kern County Superior Court Judge, who was not the original judge assigned to the case. Thus, it appears, as Defendants argue, that from the date the stay order was issued (Doc. 40) to the date the instant motion to vacate the stay was filed five months later (Doc. 48), the only change in circumstances with respect to relevant stay factors, was that the trial date was fast approaching and a new judge was assigned to the case.

Based on the arguments contained in their moving papers and at the hearing on the motion, the Court concludes that Plaintiffs' motion should be denied because it lacks substantive merit and smacks of forum shopping. Nevertheless, in light of the fact that Daniel has now elected to dismiss the state court action - after the motion hearing - there is no longer a reason to stay this case, i.e., there is no longer a state court action that must be resolved before this case may proceed.

## RECOMMENDATIONS

In light of the foregoing, the Court recommends that:

1. Plaintiffs' motion to vacate the stay (Doc. 48), be DENIED; and
2. The stay imposed in this action on July 11, 2007 (Doc. 40) be LIFTED because the state court action on which the stay was premised, was dismissed in its entirety on February 14, 2008.

///

1  These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within ten (10) court days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days after service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Judge's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **May 16, 2008**                              **/s/ Theresa A. Goldner**
                                                      UNITED STATES MAGISTRATE JUDGE

9