1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

DANIEL PROVENCIO, et al.,    )   1:07-CV-0069 AWI TAG
                     )
         Plaintiff,   )   ORDER GRANTING MOTION TO
                     )   DISMISS IN PART AND
   v.              )   DENYING MOTION TO DISMISS
                     )   IN PART
PATRICIA VAZQUEZ, et al.,    )
                     )   (Document #80)
        Defendants.   )
_____)

## BACKGROUND

On January 12, 2007, Daniel Provencio, Jr., Nancy Mendoza, and Johnny G. Provencio ("Plaintiffs") filed this federal civil rights action pursuant to 42 U.S.C. § 1983, seeking damages for the March 2005 death of their relative, Daniel Provencio ("Provencio"), who was incarcerated at Wasco State Prison ("Wasco").

On June 17, 2008, Plaintiffs filed the amended complaint.  On July 3, 2008, Defendants filed a motion to dismiss the complaint.    On August 18, 2008, the court granted the motion to dismiss and strike in part.   The court dismissed the Second Claim with leave to amend, dismissed the Seventh Claim, Eighth Claim, Ninth Claim, and Tenth Claim without leave to amend and with prejudice, dismissed Defendant Michael Songer from this action, and struck The

1

1  Estate's damage requests based on Provencio's physical and emotional pain and suffering and the

2  Estate's damage request for hedonic damages.   The court ordered that any amended complaint be

3  filed within twenty days.

4          On September 5, 2008, Plaintiffs filed a second amended complaint (hereinafter

5  "complaint").

6          On September 16, 2008, Defendants filed a motion to dismiss.   Defendants contend that

7  the complaint does not state any claim or cause of action against Defendants Lara, Samarripas,

8  Garcia, Montanio, Logan, Ayala, Gutierrez, and Miller.   Defendants contend the complaint does

9  not cure the defects found by the court in the Second Claim.

10          On October 10, 2008, Plaintiffs filed an opposition.   Plaintiffs allege that Defendants

11 Lara, Samarripas, and Garcia had the duty to inspect or search rooms where decedent was

12 housed.   Plaintiffs contend that Defendants Lara, Samarripas, and Garcia were inadvertently

13 omitted from the caption and body of the First Claim and Plaintiffs seek leave to amend.

14 Plaintiff allege that Defendants Montanio, Logan, Ayala, Gutierrez, and Miller observed Plaintiff

15 after he had ben pepper-sprayed and with a "spit hood" placed over his head.   Plaintiffs contend

16 that Defendants Montanio, Logan, Ayala, Gutierrez, and Miller were inadvertently omitted from

17 the caption and body of the First Claim and Plaintiffs seek leave to amend.   Plaintiffs contend

18 that the Second Claim is sufficiently pled.

19          On October 17, 2008, Defendants filed a reply brief.

20                                        **LEGAL STANDARD**

21          A complaint may be dismissed under Rule 12(b)(6) of the Federal Rules of Civil

22 Procedure for "failure to state a claim upon which relief can be granted".   Fed.R.Civ.Pro.

23 12(b)(6).   A Rule 12(b)(6) dismissal can be based on the failure to allege a cognizable legal

24 theory or the failure to allege sufficient facts under a cognizable legal theory.  Balistreri v.

25 Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); Robertson v. Dean Witter Reynolds,

26 Inc., 749 F.2d 530, 533-34 (9th Cir.1984).   In considering a motion to dismiss, the court must

27

28                                                 2

1  accept as true the allegations of the complaint in question, construe the pleading in the light most

2  favorable to the party opposing the motion, and resolve all doubts in the pleader's favor.

3  Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976); Jenkins v. McKeithen,

4  395 U.S. 411, 421 (1969); Broam v. Bogan, 320 F.3d 1023, 1028 (9th Cir. 2003).

5          For a complaint to avoid dismissal pursuant to Rule 12(b)(6), the complaint need not

6  contain detailed factual allegations; rather, it must plead "enough facts to state a claim to relief

7  that is plausible on its face."  Bell Atlantic Corp. v. Twombly, – U.S. – , 127 S.Ct. 1955, 1974

8  (2007); Weber v. Department of Veterans Affairs, 512 F.3d 1178, 1181 (9th Cir. 2008).   The

9  complaint's factual allegations "must be enough to raise a right to relief above the speculative

10  level."  Twombly, 127 S.Ct. at 1964-65.   Federal Rule of Civil Procedure 8(a)(2) requires a

11  "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to

12  relief.  Id. at 1965 n. 3.   Thus, a Rule 12(b)(6) motion to dismiss should be granted when a

13  plaintiff fails to nudge his or her claims "across the line from conceivable to plausible." Id. at

14  1974.

15                                    **ALLEGED FACTS**

16          The complaint alleges that at or about 4:00 p.m. on January 16, 2005, in Facility D,

17  Building 4 of Wasco, Defendant Matthew Palmer ("Palmer") aimed a Defense Technologies

18  40mm rifle directly at Provencio, pulled the trigger, firing the rifle's 40mm plastic bullet, which

19  struck Provencio in the head.

20          The complaint alleges that moments later, Defendant Matthew Adams ("Adams") sprayed

21  Provencio with Oleoresin Capsicum Pepper Spray ("pepper spray").    The complaint alleges that

22  Defendants Palmer, Lawless, Adams, Hicks, Short, Parades, Drugich, and Ramos, and Doe 1

23  knew or should have known that pepper spray caused severe pain and anguish and elevated blood

24  pressure, and it should have been, but was not, alleviated by immediately flushing Provencio's

25  face with water.   The complaint alleges that none of the Defendants ever flushed the pepper

26  spray from Provencio's face.   The complaint alleges that Doe 1 placed a bag over Provencio's

27

28                                              3

1   head, exacerbating the burning effect of the pepper spray.   The complaint alleges that the

2   unflushed pepper spray remained on Provencio's face for the hour that he spent, handcuffed and

3   shackled, in the "emergency room" at Wasco and for another 45 minutes while he was being

4   transported by ambulance to Bakersfield, California.

5        The complaint alleges that Defendants Vasquez, Cooper, Crouch, Gibson, Gladden,

6   Riley, Gamez, Gibbons, Guerzon, Herrera, Hinter, Johnson, Martinez, Miranda, Phillips, Turpin,

7   Welch, Williams, and Yoder were responsible for training Palmer in the use of the Defense

8   Technologies 40mm rifle.   The complaint alleges these Defendants failed to train Palmer, inter

9   alia, about (a) the trajectory or flight-path of the projectile he fired, (b) about the excessively long

10   trigger pull of the launcher, (c) about the reduced geometric target zone when fired at a

11   downward angle, and (d) about the potential lethality involved in firing the weapon at inmates.

12   The complaint alleges that Palmer was rarely given the opportunity to practice firing the 40mm

13   launcher using live rounds.   The complaint alleges that Defendants improperly trained Palmer

14   that firing the weapon at inmates was "less than lethal."   The complaint alleges that by these

15   failures, Defendants set in motion a series of acts, including those of Palmer, that they knew or

16   should have known would cause other to inflict constitutional injury.

17        The complaint alleges that Defendants Vasquez and Does 2 through 10 failed and refused

18   to properly train Wasco employees that (a) the use of pepper spray upon an inmate with a severe

19   head injury was prohibited because of the ensuing increase in blood pressure and (b) that pepper

20   spray caused many symptoms that would continue until the pepper spray was flushed with water.

21   The complaint alleges that by these failures, Defendants set in motion a series of acts that they

22   knew or should have known would cause others to inflict constitutional injury.

23        The complaint alleges that on and before January 16, 2005, Defendants Vasquez and

24   Does 12 through 30, failed and refused to (a) train Wasco personnel to use medivac helicopters to

25   transport physicians to Wasco and (b) train both Wasco personnel and Defendant Ramos to use

26   medivac helicopters to transport severely injured inmates, such as Provencio, to the nearest

27

28                                                4

general hospital – 35 miles away in Bakersfield.

The complaint alleges that as of January 16, 2005, Wasco was designed and equipped to house 3,104 inmates; instead, on that date, it housed 6,034 inmates.

The complaint alleges that Defendants Vasquez, Blansett, Curtiss, Adams, Hicks, Ramos, and Does 31 through 40 failed to staff Wasco's medical facilities with a full-time licensed medical doctor, and failed to provide adequate equipment or support personnel to attend to anticipated injuries or to stabilize patients prior to transport.   The complaint alleges that Defendants contracted with Defendant Ramos to be on-call for medical emergencies at Wasco despite Defendants' knowledge that Defendant Ramos resided and maintained his medical offices in Bakersfield - at least a 45 minute automobile trip to Wasco, CA.

The complaint alleges that on March 4, 2005, Provencio died from brain injury and cardiac arrest.  The complaint alleges that the Kern County Sheriff-Coroner determined "that the death of Daniel David Provencio was a homicide, death at the hands of another by other than accident." Coroner's Case No. C-0492-05.

## DISCUSSION

### A. Failure to Link Named Defendants to First Claim - Violation of Civil Rights

Defendants contend that the complaint fails to allege what several Defendants did to violate Plaintiffs' civil rights.   Plaintiffs seek leave to amend the complaint as to these Defendants.

Defendants contend that the complaint fails to state a claims as to Defendants Edward J. Montanio ("Montanio"), Levi A. Logan ("Logan"), Anthony R. Ayala ("Ayala"), George Gutierrez ("Gutierrez"), and Lee A. Miller ("Miller").   Plaintiffs allege that Montanio, Logan, Ayala, Gutierrez, and Miller were persons who, on January 16, 2005, observed Provencio after Provencio was shot and pepper-sprayed.  Plaintiffs request leave to amend the complaint to add the allegations concerning these Defendants.

Defendants contend that the complaint fails to state a claim as to Defendants Artemio Y.

1   Lara ("Lara"), Ricardo Samarripas ("Samarripas"), and Jose F. Garia ("Garia").  Plaintiffs

2   contend Lara, Samarripas, and Garcia were other Wasco prison guards who had the duty to

3   regularly inspect and/or search rooms or cells where Provencio was housed for contraband,

4   including but not limited to alcohol.  Plaintiffs' request leave to amend the complaint to add the

5   allegations concerning these Defendants.

6        In the reply brief, Defendants contend that if Plaintiff seek leave to amend the complaint

7   to add these Defendants and these additional allegations, Plaintiffs should be forced to seek leave

8   of court and file a formal motion to amend.   The court has reviewed the first and second

9   amended complaints.  In both complaints, in the section entitled "Preliminary Allegations",

10  Plaintiffs allege Defendants Montanio, Logan, Ayala, Gutierrez, and Miller were persons who, on

11  January 16, 2005, observed Provencio after Provencio was shot and pepper-sprayed.   In addition,

12  in both complaints, in the section entitled "Preliminary Allegations", Plaintiffs allege Defendants

13  Lara, Samarripas, and Garcia were other Wasco prison guards who had the duty regularly to

14  inspect and/or search rooms or cells where Provencio was housed for contraband, including but

15  not limited to alcohol.   The problem with Plaintiffs' allegations concerning these Defendants is

16  not that they are not listed in the complaint but that there actions are not linked to any particular

17  constitutional violation.

18        Title 42 U.S.C. § 1983  requires that there be an actual connection or link between the

19  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

20  Monell v.  Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

21  (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a

22  constitutional right, within the meaning of section 1983, if he does an affirmative act, participates

23  in another's affirmative acts or omits to perform an act which he is legally required to do that

24  causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th

25  Cir. 1978).  In order to state a claim for relief under Section 1983, a plaintiff must link each

26  named defendant with some affirmative act or omission that demonstrates a violation of the

27

28                                    6

1  plaintiff's federal rights.  Thus Defendants Lara, Samarripas, and Garcia and Defendants
2  Montanio, Logan, Ayala, Gutierrez, and Miller are subject to dismissal for Plaintiffs' failure to
3  link any of them to the alleged constitutional violations.

4       Because these Defendants have been named in both the current and prior complaint, the
5  court declines to find that further allegations against these Defendants must be added only by
6  way of leave to amend.   The court is dismissing them because they are not linked to the
7  constitutional violations.   The Ninth Circuit has stated that "leave to amend should be granted
8  unless the district court determines that the pleading could not possibly be cured by the allegation
9  of other facts." Bly-Magee v. California, 236 F.3d 1014, 1019 (9th Cir.2001) (internal quotation
10 marks omitted);  Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir.  (9th Cir. 1996).   Further, it is
11 generally this court's policy to give plaintiffs notice of a complaint's pleading deficiencies and an
12 opportunity to amend prior to dismissal. See Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (if
13 court determines that pro se prisoner complaint fails to state claim, leave to amend may be
14 granted to extent that complaint's deficiencies can be cured);  Noll v. Carlson, 809 F. 2d 1446,
15 1448 (9th  Cir. 1987) (same).   As neither the court nor Defendants have previously raised the
16 problem that Defendants Lara, Samarripas, Garcia, Montanio, Logan, Ayala, Gutierrez, and
17 Miller are not linked to any alleged constitutional violation, the court finds that leave to amend is
18 appropriate.

19      Defendants also contend that Plaintiffs should not be given leave to amend any claim
20 concerning Defendants Lara, Samarripas, and Garcia because the allegation concerning these
21 Defendants involves their duty to inspect or search rooms for alcohol.   Defendants point out that
22 the seventh claim was a state tort wrongful death claim based on Defendants' negligent searches
23 of inmates' cells.   Such a claim was previously dismissed because the statute of limitations for
24 such a state claim had run.   Thus, to the extent that Plaintiffs seek to amend the complaint to add
25 a negligence claim against Defendants Lara, Samarripas, and Garcia, no leave to amend shall be
26 given.  If Plaintiffs seek to amend the complaint to add an Eighth Amendment claim based on

27
28                                7

1  Defendants Lara's, Samarripas's, and Garcia's actions when searching the cells, leave to amend

2  shall be given.   Although the court will allow Plaintiffs to amend the complaint to add a civil

3  rights cause of action against Defendants Lara, Samarripas, and Garcia, Plaintiffs are advised that

4  any amended complaint that includes these Defendants must be based upon a well-founded belief

5  that a cognizable or arguable legal theory exists that would support an Eighth Amendment claim

6  against Defendants Lara, Samarripas, and Garcia.  See Fed. R. Civ. P. 11 (allowing sanctions to

7  be awarded when litigant asserts frivolous legal theory); Les Shockley Racing Inc. v. National

8  Hot Rod Ass'n, 884 F. 2d 504, 510 (9th Cir. 1989) (defining legal argument as frivolous if "at

9  time of filing, a competent attorney after a reasonable investigation could not have determined

10  that a well-founded basis in fact and in law or a good faith argument for extension of law

11  supported the filing").

12  **B.  Failure to Allege the Second Claim – Violation of Section 1983 by Supervisors**

13          Defendants contend that the current complaint contains no additional facts to tie the

14  factual allegations to the particular supervisory defendants.   Defendants complain that Plaintiffs

15  have named 19 supervisory officials and make allegations against them as a group.   Plaintiffs

16  contend that they followed the court's order and have alleged that the supervisory defendants set

17  in motion a serious of acts or events that the supervisor knew or should have know would cause

18  others to inflict constitutional injury.   Plaintiffs contend that at this stage of the pleadings they

19  do not have to prove what each supervisor did.

20          To show a supervisor's liability under 42 U.S.C. § 1983, the plaintiff must show (1) the

21  supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal

22  connection between the supervisor's wrongful conduct and the constitutional violation.   Jeffers

23  v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001).   Supervisors can be held liable if they play an

24  affirmative part in the alleged deprivation of constitutional rights by setting in motion a series of

25  acts by others which the supervisor knew or reasonably should have known would cause others

26  to inflict the constitutional injury.   Graves v. City of Coeur D'Alene, 339 F.3d 828, 848 (9th Cir.

27

28                                                 8

1   2003) (*citations omitted*) (quoting <u>Rise v. Oregon</u>, 59 F.3d 1556, 1563 (9th Cir.1995)); <u>Larez v.</u>

2   <u>City of LA</u>, 946 F.2d 630, 646 (9th Cir.1991)).

3       "In this circuit, a claim of municipal liability under section 1983 is sufficient to withstand

4   a motion to dismiss 'even if the claim is based on nothing more than a bare allegation that the

5   individual officers' conduct conformed to official policy, custom, or practice." <u>Galbraith v.</u>

6   <u>County of Santa Clara</u>,  307 F.3d 1119, 1127 (9th Cir. 2002);  <u>Karim-Panahi v. Los Angeles</u>

7   <u>Police Dep't</u>, 839 F.2d 621, 624 (9th Cir. 1988); <u>Shah v. County of Los Angeles</u>, 797 F.2d 743,

8   747 (9th Cir. 1986).  This rational has been extended to supervisors.  <u>Harvey v. City of Oakland</u>,

9   2007 WL 3035529, 4 (N.D.Cal. 2007)(finding allegations that defendants were in supervisory

10  and policy making capacities and they failed to adequately supervise or discipline individual

11  officers was sufficient to state a claim).

12      The complaint alleges that Defendants Vasquez, Cooper, Crouch, Gibson, Gladden,

13  Riley, Gamez, Gibbons, Guerzon, Herrera, Hinter, Johnson, Martinez, Miranda, Phillips, Turpin,

14  Welch, Williams, and Yoder were responsible for training Palmer in the use of the Defense

15  Technologies 40mm rifle.  The complaint alleges that Defendants failed to train Palmer, inter

16  alia, about (a) the trajectory or flight-path of the projectile he fired, (b) about the excessively long

17  trigger pull of the launcher, (c) about the reduced geometric target zone when fired at a

18  downward angle, and (d) about the potential lethality involved in firing the weapon at inmates.

19  The complaint alleges that by this failure, defendants set in motion a series of acts by others,

20  including defendant Palmer, which defendants knew or reasonably should have known would

21  cause others to inflict constitutional injury.   The court finds these allegations sufficient to allege

22  a supervisory claim against Defendants Vasquez, Cooper, Crouch, Gibson, Gladden, Riley,

23  Gamez, Gibbons, Guerzon, Herrera, Hinter, Johnson, Martinez, Miranda, Phillips, Turpin,

24  Welch, Williams, and Yoder.   Defendants have been put on notice as to what training these

25  Defendants failed to provide and that this lack of training set in motion a serious of events ending

26  with others committing constitutional violations.

27

28                                          9

The complaint alleges that Defendants Vasquez, and Does 2 through 10, failed and refused to properly train Wasco employees (a) that the use of pepper spray upon an inmate with a severe head injury was prohibited because the ensuing increase in blood pressure was life-threatening, (b) that the use of pepper spray caused a severe burning sensation, injury to the mucous membranes, coughing, spitting, and difficulty breathing which, unless alleviated by flushing with water, would continue for up to an hour and forty-five minutes, constituting use of excessive force.   The complaint alleges that Defendants Vasquez's and Does 2 through 10's failure to train set in motion a series of acts by others that caused the constitutional violation against Provencio.  Defendants have been put on notice as to what training Defendants Vasquez, and Does 2 through 10 failed to provide and how this lack of training set in motion a serious of events that ended with a constitutional violations.

The complaint alleges that on and before January 16, 2005, Defendants Vasquez and Does 12 through 30 failed to train (a) Wasco personnel to use medivac helicopters to transport physicians to Wasco and (b) Wasco personnel and Defendant Ramos to use medivac helicopters to transport severely injured inmates such as Provencio to the nearest general hospital – 35 miles away in Bakersfield.  The complaint alleges that as a direct result of the foregoing failures to staff, equip, train, test, and certify, Provencio was deprived of federally protected constitutional rights.  The court finds that Defendants have been put on notice as to what training these Defendants failed to provide and that this lack of training set in motion a series of events that ended with a constitutional violations.

**ORDER**

Accordingly the court ORDERS that:

1.   Defendants' motion to dismiss is denied in part and granted in part as follows:

   a.   Defendants' motion to dismiss Defendants Lara, Samarripas, Garcia, Montanio, Logan, Ayala, Gutierrez, and Miller is

GRANTED with leave to amend.

      b.     Defendants' motion to dismiss the second claim alleging the liability of the supervisors is DENIED.

  2.    Plaintiffs may file any amended complaint within thirty days of this order's date of service.

      a.     In any amended complaint, Plaintiffs may not add new Defendants or new legal theories.  Plaintiff my only add additional facts concerning Defendants that have already been named in this action.

      b.     If Plaintiff amends the complaint to contain any specific allegations against Defendants Lara, Samarripas, Garcia, Montanio, Logan, Ayala, Gutierrez, and Miller, the amended complaint's allegations against these Defendants must be based upon a well-founded belief that a cognizable or arguable legal theory exists that would support an Eighth Amendment claim.

IT IS SO ORDERED.

**Dated:   November 19, 2008**                                **/s/ Anthony W. Ishii**
CHIEF UNITED STATES DISTRICT JUDGE

11