IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PROVENCIO, JR., personally and as a successor in interest to DANIEL PROVENCIO, deceased, by his guardian ad litem, Maria Lucero, et al,<br><br>Plaintiffs,<br><br>v.<br><br>PATRICIA L. VAZQUEZ, et al<br><br>Defendants. | 1: 07 - CV - 00069 - AWI - BAK<br><br>ORDER GRANTING MOTION TO STRIKE<br><br>ORDER STRIKING FOURTH AMENDED COMPLAINT<br><br>(Documents #152) |

On July 29, 2009, the court issued an order granting in part and denying in part Defendant Michael Songer's motion to dismiss. In the order, the court addressed newly discovered claims concerning Defendant Songer. The court stated as follows:

> Plaintiffs, in their opposition to Defendant's motion to dismiss, set forth two new theories of liability, which Plaintiffs explicitly admit are based upon information they acquired after filing their third amended complaint. Plaintiffs, however, contend that the theories are present in the third amended complaint. Plaintiffs first new theory of liability alleges that Defendant had an obligation to train WSP medical staff to recognize "the nature and types of injuries that may result" from the use of "less than lethal weapons" such as the "'risk of potentially life threatening sequella' following the impact of a high velocity projectile to the head." Opposition to Mot. to Dismiss at 7. As the court understands it, Plaintiffs second new theory of liability alleges that Defendant enacted a policy of requiring a "medical doctor's consent" before transporting an inmate outside WSP in violation of California Code of Regulations Title 15, section 3350.2 and Provencio's Eighth Amendment rights.

The court concluded that if Plaintiffs wished to further pursue this first new theory of liability they must request leave to file a fourth amended complaint.  As to the second new theory, the court found that if Plaintiffs wished to further pursue the second new theory of liability they must file a motion for leave to file a fourth amended complaint.  However, on the last page of the court's order, in the section entitled "ORDER" the court found that Plaintiffs were given leave to file an amended complaint within twenty days.

On August 18, 2009, the court reviewed the July 29, 2009 order.  The court noted that the August 18, 2009 order contained inconsistent instructions on whether Plaintiffs could file an amended complaint or needed to file a motion to file an amended complaint.  To resolve this inconsistency, the court gave Plaintiffs leave to file an amended complaint within twenty days.

On September 3, 2009, Plaintiffs filed a fourth amended complaint.  Besides adding the two new theories against Defendant Songer, the fourth amended complaint added new factual allegations against other Defendants.

On September 28, 2009, Defendants filed a motion to strike portions of the fourth amended complaint because it included allegations not allowed for by the court's August 18, 2009 and July 29, 2009 orders.

On October 16, 2009, Plaintiffs filed an opposition to Defendants' motion.  Plaintiffs contend that the amendments were allowed because the court stated in the August 18, 2009 order that Plaintiffs were given leave to file an amended complaint.  Plaintiffs also list the reasons why an amended complaint should be allowed.

On October 23, 2009, Defendants filed a reply brief.

**LEGAL STANDARD**

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial.  <u>Sidney-Vinstein v. A.H. Robins</u>

Co., 697 F.2d 880, 885 (9th Cir.1983).

## DISCUSSION

The entire focus of the court's July 29, 2009 order was to address Defendant Songer's motion to dismiss in which he contended that the doe allegations did not state a claim and other allegations concerning Defendant Songer were not contained in the operative complaint. This order did not address other Defendants or other causes of action. Unfortunately, the court's July 29, 2009 order provided inconsistent instructions on what Plaintiffs could do to amend the complaint to contain the two newly discovered theories against Defendant Songer. In the "Discussion Section" the court stated Plaintiffs would have to file a motion to amend the complaint to include these two new theories. In the "Order Section", the court stated Plaintiffs could amend the complaint with the new theories without leave of court. Noting this inconsistency, on August 18, 2009, the court resolved the inconsistency in the method that was easiest for Plaintiffs by allowing the amendment.

The court recognizes that the August 18, 2009 order did not specifically limit Plaintiff's amendment to the new theories against Defendant Songer. However, the August 18, 2009 order cannot be read outside the context of the July 29, 2009 order – An order that limited any amendment or proposed amendment to the new theories about Defendant Songer. Thus, Plaintiffs' fourth amended complaint violates the court's order to the extent it contains allegations other than those asserting a new theory against Defendant Songer.

The court finds the best remedy is for the court to strike the fourth amended complaint and allow Plaintiffs leave to file a fifth amended complaint that complies with the court's July 29, 2009 and August 18, 2009 orders and that limits any amendment to the new theories involving Defendant Songer.

//

**ORDER**

Accordingly, the court ORDERS that:

1. Defendants' motion to strike is GRANTED;
2. The fourth amended complaint is hereby struck;
3. Plaintiffs may file an amended complaint alleging the two new theories involving Defendant Songer found in the court's July 29, 2009 order within fifteen days of this order's date of service; and
4. Plaintiffs' request that they be allowed to add additional theories as to other Defendants in yet another amended complaint will be addressed in due course by the Magistrate Judge.

IT IS SO ORDERED.

Dated:   February 19, 2010            /s/ Anthony W. Ishii
                                      CHIEF UNITED STATES DISTRICT JUDGE