# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL PROVENCIO, JR., personally and as a successor in interest to DANIEL PROVENCIO, deceased, by his guardian ad litem, Maria Lucero, et al,<br><br>    Plaintiffs,<br><br>v.<br><br>PATRICIA L. VAZQUEZ, et al<br><br>    Defendants. | 1: 07 - CV - 00069 - AWI - BAK<br><br>**ORDER GRANTING IN PART DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**<br><br>**ORDER ALLOWING DEFENDANTS TO FILE A SECOND MOTION FOR SUMMARY JUDGMENT WITHIN FORTY-FIVE DAYS**<br><br>(Document #99, #103 & #108) |

    Plaintiffs Daniel Provencio, Jr., Nancy Mendoza, and Johnny G. Provencio filed this federal civil rights action on their own behalf and on behalf of Daniel Provencio ("Provencio"). Plaintiffs Daniel Provencio, Jr., Nancy Mendoza, and Johnny G. Provencio (hereinafter "Plaintiffs") seek damages arising from Provencio's death while incarcerated at Wasco State Prison ("Wasco"). Because Wasco lies in this court's District and Division, venue is appropriate. The court has federal question jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over the state claims.

//

**PROCEDURAL BACKGROUND**

At this time, this action is proceeding on Plaintiffs' third amended complaint filed on January 2, 2009.[1] In the first cause of action, Plaintiffs contend that Defendants violated the Fourth Amendment protections against unreasonable seizure and excessive force, the Substantive Due Process Clause of the Fourteenth Amendment to not be deprived of liberty or life without due process, and the Eighth Amendment's right to be free from cruel and unusual punishment. This cause of action concerns Defendant Matthew Palmer's shooting of Provencio, Defendant Matthew Adams's spraying Provencio with Oleoresin Capsicum Pepper Spray ("pepper spray") right after the shooting, and other Defendants' failure to flush the pepper spray from Provencio's face and covering his head with a hood. The second cause of action concerns certain supervisory Defendants' actions or inactions: (a) Supervisory Defendants failure to train Palmer in the use of the Defense Technologies 40mm rifle and their failure to train WSP employees that the use of pepper spray upon an inmate with a severe head injury was prohibited because the ensuing increase in blood pressure was life-threatening, (b) Supervisory Defendants failure to train other Defendants that the use of pepper spray caused a severe burning sensation, injury to the mucous membranes, coughing, spitting, and difficulty breathing unless alleviated by flushing with water; (c) Supervisory Defendants failure to train WSP personnel to use medivac helicopters to transport physicians to WSP to examine severely injured inmates and to use medivac helicopters to transport severely injured inmates to the nearest general hospital. The third cause of action contends that Defendants violated Plaintiff's Eighth Amendment right to medical care. In support for this cause of action, Plaintiff alleges that the medical facility was not staffed with a full-time licensed medical doctor and it took considerable time for a doctor to examine him and then have him taken to a hospital 35 miles away by standard ambulance. The fourth cause of action alleges a violation of 42 U.S.C. § 1395dd(e)(3)(A). The fifth cause of action is brought by Plaintiff Daniel Provencio Jr., in which he contends Defendants violated his Fourteenth

---

[1] Plaintiff's Fourth Amended Complaint has been struck by the court.

Amendment due process right to the companionship, love, comfort, support, and society of the decedent. The sixth cause of action is brought by Plaintiff Nancy Mendoza and Plaintiff Johnny Gallegos Provencio for a violation of their Fourteenth Amendment due process rights to the companionship, love, comfort, support, and society of the decedent.

On March 13, 2009, Defendants Pat L. Vazquez, Matthew Palmer, Curtiss Lawless, David Hicks, Lorlean Drugich, Brandon Short, Bernard Ramos, and Remijio Paredes filed a motion for summary judgment. On March 30, CDC Defendants Edward Montanio, Levi Logan, Anthony Ayala, George Gutierrez, Lee Miller, Edmond Cooper, Kevin Crouch, Jose Gamez, Julie Gibbons, Tony Gibson, Bruce Bladden, Pearl Goetchius-Riley, David Guerzon, Javier Herrera, Thomas Hunter, Clifford Johnson, Lydia Martinez, Mark Miranda, Kelly Phillips, Paul Turpin, Edward Welch, Jeffrey Williams, and Terrence Yoder. (hereinafter "CDC Defendants"). On March 27, 2009, Defendant Matthew Adams ("Defendant Adams") filed a motion for summary judgment.

On April 20, 2009, Plaintiffs filed an opposition to certain Defendants' motions for summary judgment. Plaintiff's opposition does not address all Defendants and all allegations made in the complaint. Plaintiffs' opposition also concedes that their fourth claim fails.

On April 21, 2009, Plaintiffs filed a notice of non-opposition to the court granting summary judgment to Defendants Edward Montanio, Levi Logan, Anthony Ayala, George Gutierrez, Lee Miller, Artemio Y. Lara, Ricardo Sammarripas, Lansford Blansett, Jose F. Garia, Edmond Cooper, Keven Crouch, Tony Gibson, Bruce Bladden, Pearl Goetchius-Riley, Jose Gamez, Julia Boggons, David Guerzon, Javier Herrera, Thomas Hunter, Clifford Johnson, Lydia Martinez, Mark Miranda, Kelly Phillps, Paul Turpin, Edward Welch, Jeffrey Williams, and Terrence Yoder.

On April 27, 2009, Defendants filed replies.

# DISCUSSION

Given Plaintiffs' concessions and non-oppositions, it appears the following claims remain as to the following Defendants:

1. Excessive Force:
    (a) Excessive force by Defendant Palmer in shooting the gun;
    (b) Excessive force by Defendant Adams in pepper spraying Provencio and restraining Provencio face down on a gurney with a hood or "spit mask" on;
    (c) Excessive force by Defendant Paredes in ordering that Adams pepper spray Provencio, placing Provencio in restraints, and pressing down on Provencio's arms and chest; and
    (d) Excessive force by Defendants Hicks, Drugich, and Paredes when they failed to decontaminated Provencio.
2. Excessive force based on a supervisory theory of liability against Defendant Vasquez based on her failure to adequately train about shooting.
3. Deliberate indifference to medical needs by Defendant Hicks for failing to assess Provencio, failing to remove the pepper spray, abandoning Provencio, failing to provide any type of treatment, failing to call Dr. Ramos, and, after Dr. Ramos was called, failing to call for an ambulance or other outside help.
4. Fourteenth Amendment violations against Vasquez, Palmer, Paredes, Adams, and Drugich for violating Plaintiffs' rights to the companionship, love, comfort, support, and society of the decedent.

In addition, Plaintiffs have been given permission to amend the complaint to add Defendant Songer and two additional claims as to Defendant Songer only.

In the pending motion for summary judgment, the court has before it numerous proposed facts, large amounts of supporting evidence, and briefs that address claims and Defendants it

appears Plaintiffs have abandoned and/or agree summary judgment is appropriate. Almost all proposed undisputed facts are alleged to be disputed, but it appears the court may not need to decide whether many facts are disputed because some facts pertain to defendants and claims no longer relevant to this action. Attempting to rule on the pending motion for summary judgment without a complaint on file that includes only those claims upon which Plaintiffs are actually proceeding is not in the interests of judicial efficacy. Accordingly, the court will grant Defendants' motions as to all defendants and claims it appears Plaintiffs concede summary judgment is appropriate. Defendants will be given the opportunity to file another summary judgment which addresses only those claims and Defendants remaining in this action.

**ORDER**

Accordingly, the court ORDERS that:

A. Defendants' motions for summary judgment are granted in part and denied in part;

B. Along with the claims Plaintiffs have been given permission to add concerning Defendant Songer, this action will proceed on the following theories against the following Defendants:

    1. Excessive force by Defendant Palmer in shooting the gun;

    2. Excessive force by Defendant Adams in pepper spraying Provencio and restraining Provencio face down on a gurney with a hood or "spit mask" on;

    3. Excessive force by Defendant Paredes in ordering Adams to pepper spray Provencio, placing Provencio in restraints, and pressing down on Provencio's arms and chest;

    4. Excessive force by Defendants Hicks, Drugich, and Paredes in failing to decontaminate Provencio;

    5. Excessive force based on a supervisory theory of liability against Defendant Vasquez for her failure to train others about shooting;

6. Deliberate indifference to medical needs by Defendant Hicks in failing to assess Provencio, failing to remove the pepper spray, abandoning Provencio, failing to provide any type of treatment, failing to call Dr. Ramos, and, after Dr. Ramos was called, failing to call for an ambulance or other outside help.

7. Fourteenth Amendment violations against Vasquez, Palmer, Paredes, Adams, and Drugich for violating Plaintiffs' rights to the companionship, love, comfort, support, and society of the decedent.

C. The court grants summary adjudication against all other Defendants and claims;

D. Defendants may file another motion for summary judgment[2] within forty-five days of this order's date of service; and

E. The pending motion to amend the complaint is referred to the Magistrate Judge.

IT IS SO ORDERED.

Dated: **February 27, 2010**          /s/ Anthony W. Ishii
                                              CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Defendants are not required to re-file previously filed exhibits and lodged transcripts. To the extent Defendants choose to rely on previously filed exhibits, Defendant may cite to this evidence by citing the docket number and exhibit number of evidence already on file.