IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DANIEL PROVENCIO, JR., personally and as successor in interest to DANIEL PROVENCIO, deseased, by his guardian ad litem, Maria Lucero, et al.,**<br><br>　　　　　　**Plaintiffs**,<br>　v.<br><br>**DEFENDANTS, et al.,**<br><br>　　　　　　**Defendants.** | 1:07-CV-0069 AWI JLT<br><br>**ORDER CONCERNING THE TRANSFER OF INCARCERATED WITNESSES TO TRIAL** |

　　　A review of the witness lists in this action reveal that some witnesses may be incarcerated and the court may need to issue special transportation orders to compel these witnesses' attendance at trial.

　　　**A. Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to Testify Voluntarily** - An incarcerated witness who agrees voluntarily to attend trial to give testimony cannot come to court unless this court orders the warden or other custodian to permit the witness to be transported to court. This court will not issue such an order unless it is satisfied that: (a) The prospective witness is willing to attend; *and* (b) The prospective witness has actual knowledge of relevant facts.

A party intending to introduce the testimony of incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a written motion for a court order requiring that such witnesses be brought to court at the time of trial.  The motion must: (1) State the name, address, and prison identification number of each such witness; and (2) Be accompanied by declarations showing that each witness is willing to testify and that each witness has actual knowledge of relevant facts.  The motion should be entitled "Motion for Attendance of Incarcerated Witnesses."

The willingness of the prospective witness to testify can be shown in one of two ways: (1) An attorney can swear by declaration under penalty of perjury that the prospective witness has informed the attorney that he is willing to testify voluntarily without being subpoenaed. Included in which a declaration, the attorney must state when and where the prospective witness informed the attorney of this willingness; or (2) The attorney can serve and file a declaration, signed under penalty of perjury by the prospective witness, in which the witness states that he is willing to testify without being subpoenaed.

The prospective witness's actual knowledge of relevant facts can be shown in one of two ways: (1) If the attorney has actual firsthand knowledge that the prospective witness was an eyewitness or an ear-witness to the relevant facts, the attorney can swear by declaration under penalty of perjury that the prospective witness has actual knowledge; or (2) The attorney can serve and file a declaration signed under penalty of perjury by the prospective witness in which the witness describes the relevant facts to which the prospective witness was an eye- or ear-witness.  Whether the declaration is made by an attorney or by the prospective witness, it must be specific about the incident, when and where it occurred, who was present, and how the prospective witness happened to be in a position to see or to hear what occurred at the time it occurred.

The court will review and rule on the motion for attendance of incarcerated witnesses, specifying which prospective witnesses must be brought to court.  Subsequently, the court will

issue the orders necessary to cause the witnesses' custodians to bring the witnesses to court.

**B.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Refuse to Testify Voluntarily** - If a party seeks to obtain the attendance of incarcerated witnesses who refuse to testify voluntarily, the party must submit a motion for the attendance of such witnesses. Such a motion should be in the form described above. In addition, the party must indicate in the motion that the incarcerated witness is not willing to testify voluntarily.

**C.     Order**

**Motions for the attendance of incarcerated witnesses, if any, SHALL be filed on or before September 22, 2010. Oppositions, if any, must be filed on or before September 29, 2010.**

IT IS SO ORDERED.

Dated:    August 26, 2010

_____
CHIEF UNITED STATES DISTRICT JUDGE

3